UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                :
UNITED STATES OF AMERICA,                  :
                                                :
                                                :       **MEMORANDUM DECISION**
                - against -                           :       **AND ORDER**
                                                :
                                                :       03-cr-795 (BMC)
JERROD MARTIN,                                :
                                                :
                Defendant.                     :
---------------------------------------------------------- X

**COGAN**, District Judge.

By order dated April 10, 2019, I granted defendant's motion to reduce his sentence pursuant to the First Step Act (the "FSA"), Pub. L. No. 115-391 § 404, 132 Stat 5194, 5222 (2018). Following entry of that order, the Bureau of Prisons ("BOP") informed me that defendant had already completed the sentence giving rise to his FSA motion, but that defendant was still incarcerated because he is currently serving two consecutive 12-month sentences for crimes that he committed while he was serving his sentence for the crimes that he committed in this case. By order dated April 22, 2019, I vacated my order of April 10, 2019 granting defendant's motion to reduce his sentence, finding that his motion was moot. Defendant has moved for reconsideration of that order.

## BACKGROUND

Defendant and his three brothers were leaders of the Martin Family Crew, a narcotics distribution organization that operated out of Brooklyn, New York. Defendant was arrested in 2003 and pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count 7) and to using a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 10). Following his guilty plea,

defendant was sentenced by Judge Trager on July 18, 2007 to 210 months, consisting of 150 months on Count 7 and a mandatory consecutive 60 months on Count 10.

As I explained in my order granting defendant's FSA motion, there was barely any discussion about the Guidelines during defendant's sentencing. This is likely because Judge Trager imposed a sentence that fell squarely within the range set forth in defendant's plea agreement (which was based on the drug Guidelines), and because defendant was one of the last defendants to be sentenced in this case.

But defendant's Presentence Report ("PSR") calculated his Guidelines range as 360 months to life, based on a homicide committed by other members of the Martin Family Crew in furtherance of its drug-trafficking operations that the PSR attributed to defendant because of his leadership role in the organization. Defendants' codefendants' PSRs included similar calculations, but their counsel objected during sentencing, and Judge Trager explicitly found their Guidelines ranges based on their drug crimes and not the murder. Defendant's counsel, however, did not object to the murder Guidelines calculation in the PSR, which later precluded defendant from being eligible for retroactive reductions in the drug Guidelines.

In my order granting defendant's FSA motion, I considered the fact that the sentence that Judge Trager imposed was 30 months more than the operative mandatory minimum for the drug crimes to which defendant pled guilty (reflecting Judge Trager's determination that a mere mandatory minimum sentence did not appropriately reflect the seriousness of defendant's drug crimes). But I found that a sentence reduction to time served at the time my order was entered would reflect a sentence that Judge Trager would have imposed on defendant had the Fair Sentencing Act been in place at the time defendant committed his crimes and would therefore be consistent with the purpose and intent of the FSA.

After learning that defendant had completed the sentence that Judge Trager imposed, I vacated my previous order reducing defendant's sentence to time served, because at the time of filing, his motion under the FSA was moot, even though under 18 U.S.C. § 3584(c), the BOP treats each of defendant's sentences as "a single, aggregate term of imprisonment" for administrative purposes. As noted above, defendant has moved for reconsideration, and requests that I resentence him to 188 months, which would result in his immediate release from prison.

## DISCUSSION

Section 404(b) of the FSA provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391 § 404(b), 132 Stat 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. at § 404(a). The FSA further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. at § 404(c).

As mentioned above, defendant completed his sentence giving rise to his motion for relief under the FSA, so his motion and his motion for reconsideration present the issue of whether a sentencing court can retroactively grant a sentence reduction under the FSA where the defendant is no longer serving the sentence for a covered offense, or whether such a motion is moot. The Second Circuit has not addressed this question, but it has in other circumstances instructed that "a criminal case does not necessarily become moot when the convict finishes serving the sentence when there exists some concrete and continuing injury." United States v. Aldeen, 792

F.3d 247, 251 (2d Cir. 2015) (quoting United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999)) (internal quotation marks omitted).

Defendant advances two arguments why his motion is not moot. First, he argues that even though he is asking me to provide him with retroactive relief, his motion is not moot because I can still grant him effectual relief – his release from prison. Second, he argues that a request to reduce a sentence is not moot if the court can reduce the term of supervised release, which I can do here. See id. I will address these arguments in reverse order.

As for his second argument, it is true that I have the ability to reduce defendant's term of supervised release, but that, of course, is not the relief that he seeks here. Defendant wants immediate release from custody. Even if I did decide to reduce only his term of supervised release, that would not grant defendant's "effectual relief," considering he moved for reconsideration of my order which effectively keeps him in prison according to Judge Trager's original sentence (rather than simply on the part of the order denying a reduction in the term of supervised release). Thus, the mere fact that I can reduce defendant's term of supervised release does not transform the motion that he made – for immediate release from prison – into a live case or controversy. At best, it means that the portion of his motion which relates to a one-year reduction in supervised release, from five years to four, reflects a continuing injury, which I consider and address below. But just because one part of his motion presents a live case or controversy does not mean the other portions of his motion are not moot.

In support of his first argument – that I can resentence him to 188 months and therefore grant effectual relief by releasing him from prison – defendant argues that the FSA permits a sentencing court to retroactively impose a reduced sentence, even where the defendant is no

longer serving that sentence, because nothing in the language of the FSA conditions its relief on the defendant's still serving the sentence he seeks to reduce.

This is also true. There is no textual limitation that the defendant must still be serving the sentence for a "covered offense" to be entitled to relief under the FSA. But whether there is an implied limitation depends on the proper mechanism for granting relief under the FSA. In other words, it depends on whether the sentencing court may conduct a plenary resentencing when it grants relief under the FSA, or whether the sentencing court is restricted to reducing the sentence under 18 U.S.C. § 3582(c), and whether, in either circumstance, the sentencing court may impose a reduced sentence less than time served.

Defendant argues that his request is not a motion under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a term of imprisonment where a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. I agree with defendant on that point. Section 3582(c)(2) only applies when a sentencing range has been retroactively lowered by the Sentencing Commission, which is not the case here.

But defendant overlooks § 3582(c)(1)(B), which permits a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The FSA expressly permits sentencing courts to "impose a reduced sentence" for defendants who were convicted of covered offenses. Notably, the FSA does not state that a sentencing court may "resentence" a defendant for those offenses. Thus, based on the plain language of both statutes, it is appropriate to construe relief under the FSA as a proceeding under § 3582(c)(1)(B) – where the statute expressly permits the imposition of a reduced sentence only.

If relief under the FSA came in the form of a plenary resentencing, several unintended consequences would result. First, defendant would have the right to be present at his

resentencing, see Fed. R. Crim. P. 43(a)(3), whereas a criminal defendant need not be present for a proceeding that reduces his sentence under § 3582(c), see Fed. R. Crim. P. 43(b)(4).

In addition, at a plenary resentencing, I could consider all subsequent changes in the law since the time the defendant was sentenced, rather than simply "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391 § 404(b), 132 Stat 5194, 5222 (2018) (internal citations omitted); cf. United States v. Allen, No. 3:96-CR-00149, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) (declining to address the question of whether the sentencing court could consider the change in law since the defendant was originally sentenced that, after United States v. Booker, 543 U.S. 220, 227 (2005), the Guidelines are advisory and not mandatory, in granting relief under the FSA). As the language of the statute makes clear, the FSA "expressly" allows a sentencing court to impose a reduced sentence as if the defendant faced a lower mandatory minimum sentence when he committed the crimes. It does not by its text permit the sentencing court to reduce the sentence based on changes in the law other than the retroactive application of the Fair Sentencing Act. And because this is the only relief that is permitted under the FSA, it would be unnecessary and a waste of judicial resources to convene a plenary resentencing that is limited to the imposition of a single form of narrow relief.

Moreover, at a plenary resentencing, the sentencing court could – rather, must – readdress the factors listed in 18 U.S.C. § 3553(a), because the sentencing court "shall consider" those factors in imposing a sentence. But once again, these discretionary considerations are not envisioned by the plain language of the FSA. And although some district courts have considered the § 3553(a) sentencing factors in determining whether to grant relief under the FSA, I disagree with their approach, because it is not called for by the text or purpose of the statute. The FSA

6

only provides that the sentencing court can impose a reduced sentence based on the availability of lower mandatory minimums, and that's it. It does not allow the sentencing court to reconsider changes or developments in anything else – neither the law, nor defendant's circumstances, subsequent behavior, or person.

Finally, if plenary resentencing were warranted, then the sentencing court could reduce a defendant's sentence to less than time served. But there are several good reasons why sentencing courts should not reduce a criminal defendant's sentence to something less than time served in granting a motion for relief pursuant to the FSA. First, as would be the case here, reducing a sentence to less than time served would allow criminal defendants to "bank time" with respect to other or future offenses. See United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019) (quoting United States v. Laguerre, No. 02-cr-30098, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019)). If I were to resentence defendant to 188 months (i.e., impose a term of imprisonment less than time served), the credit for that time would apply to his subsequent unrelated crimes for which he is currently imprisoned, and he would be released immediately.

The problem with this result is not so apparent here, given the unique facts of this case. Defendant is currently serving a different sentence, but he never left federal custody once he completed his FSA-eligible sentence, so to both him and the BOP, defendant is serving one continual stint in prison. The issue would be glaring, however, if defendant were not currently serving time in prison, or if he had been released from prison following the completion of his sentence imposed by Judge Trager but was subsequently arrested and incarcerated for different crimes.

As the Laguerre court explained, if a criminal defendant had available to him "credits against sentences for future crimes," that would "provide a sense of immunity and an incentive to

7

engage in criminal conduct." Laguerre, 2019 WL 861417, at *3 (quoting Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971)). Indeed, as the Laguerre court also aptly noted, this is likely why Section 1B1.10(b)(1)(C) of the Guidelines provides that when a court is reducing a sentence pursuant to 18 U.S.C. § 3582(c)(2) – where the Sentencing Commission has lowered a sentencing range pursuant to which a defendant was sentenced – "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(1)(C). Because of these strong policy reasons, a sentencing court should not retroactively reduce a sentence to less than time served under the FSA, such that a criminal defendant can use that time credit to benefit his other or future crimes. Nor, for that matter, do I think that was the result envisioned by Congress in enacting the FSA.

But for his criminal conduct independent of the crimes for which he was sentenced in this case, defendant would not have been incarcerated when he filed his motion for a sentence reduction under the FSA. Indeed, had he filed his motion for a retroactive resentencing to 188 months while he was no longer incarcerated, I would have denied it outright as moot. The only difference between the latter hypothetical scenario and the facts before me is that defendant continued to commit crimes while he was in prison and by his own volition extended the term of his incarceration. As I explained in my order of April 22, 2019 vacating my order granting defendant relief under the FSA, the mere fact that defendant committed a "covered offense" does not mean that he can employ the FSA to reduce the time he will serve for other, unrelated crimes. His motion for retroactive resentencing is moot. Administrative procedures, such as aggregating each of a criminal defendant's concurrent or consecutive federal sentences into a single term of imprisonment, cannot overcome that mootness.

8

This conclusion finds support among other district courts who have addressed this question for the first time since the FSA was enacted. See United States v. Davis, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (collecting cases); United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019) (collecting cases). Defendant is correct, however, that this conclusion is not uniform within district courts in the Second Circuit. Defendant has brought two such cases to my attention. First, defendant attaches a transcript from a March 5, 2019 proceeding related to the defendant's FSA application in United States v. Erskine, 05-cr-1234 (S.D.N.Y.), held before Judge Chin, who was sitting by designation in the district court. Judge Chin suggested that there is a meaningful difference between the language and import of the FSA and § 3582 such that imposing a reduced sentence under FSA does not involve the same restrictions as § 3582. But Judge Chin ultimately did not reach the issue or engage in any substantial reasoning on it, so although this transcript is persuasive as to how one Second Circuit judge is approaching the issue, Judge Chin's non-binding discussion does not change my mind, given the strength of the arguments to the contrary addressed above.

Second, defendant relies on United States v. Miles, 07-cr-890, ECF No. 345 (E.D.N.Y. Apr. 25, 2019), in which Judge Ross reached the opposite conclusion than that adopted here and found that the FSA does permit a sentencing court to retroactively reduce an already-served sentence where the defendant remains in federal custody on a sentence for an unrelated offense. As did I, Judge Ross found that 18 U.S.C. § 3582(c)(1)(B) is the proper vehicle for granting relief under the FSA. Judge Ross, however, found that the FSA does not include an implied restriction that the defendant must be currently serving the sentence imposed for the "covered offense" to be eligible for relief under the FSA. (In other words, Judge Ross did not find that the

defendant's motion was moot, despite the fact that he had already completed the sentence for which he sought a sentence reduction under the FSA.)

Specifically, Judge Ross found that relief was permissible because the start date for the sentence imposed for defendant's subsequent, unrelated crimes that kept him in federal custody was "explicitly tied to the end of" the sentence imposed for the "covered offense" under the FSA. And because the provision of § 1B1.10(b)(1)(C) of the Guidelines, that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served," does not expressly apply to sentence reduction proceedings under § 3582(c)(1)(B), Judge Ross reduced the defendant's sentence to a sentence less than time served, from 120 months to 87 months.

Defendant argues that I should follow Judge Ross's reasoning and reduce his sentence accordingly. I decline to do so for two reasons. First, there is a factual distinction between the subsequent sentence imposed in <u>Miles</u> and defendant's two subsequent sentences imposed here. In <u>Miles</u>, Judge Gleeson (who imposed the subsequent sentence) stated that "'[r]ather than impose a sentence and make it partially concurrent,' he would 'impose a sentence that reflects the amount of time over and above the 120 months sentence that the defendant ought to and will serve for the offense and conviction before [him].'" <u>Id.</u> at 4 (quoting Gleeson Sentencing Tr. 100:3-11, No. 10-cr-00777, ECF No. 69). The record before me is different. Defendant is serving consecutive sentences which are conceptually severable in a way that the defendant's sentences in <u>Miles</u> arguably were not.

Second, despite this difference, I respectfully disagree with Judge Ross that a retroactive sentence reduction is an appropriate remedy where the defendant is no longer serving the sentence giving rise to relief under the FSA. An administrative mechanism or procedure cannot

open the door to a form of retroactive relief that is not expressly provided for in the statute, or would not otherwise be available to this defendant or other, similarly situated individuals.[1] Rather, the defendant is imprisoned for crimes that are not covered by the FSA, and therefore, he is no longer eligible for its relief.

Even if the FSA does permit a sentencing court to retroactively reduce a defendant's sentence to less than time served where that defendant is no longer serving the sentence giving rise to the FSA motion but is still in federal custody, I would still deny defendant's motion for reconsideration. As the text of the FSA makes clear, its relief is discretionary, not mandatory. Nothing requires me to reduce defendant's sentence at all, let alone to 188 months such that he is eligible for immediate release. And considering each of the strong policy arguments identified above against resentencing defendant to 188 months and granting him an immediate release from prison when he is currently serving time for unrelated crimes, I would in the exercise of my discretion deny his motion. I do not find that relief under the FSA is appropriate or warranted in this case.

Finally, because I find that the primary form of relief that defendant seeks – release from prison pursuant to a retroactive sentence reduction under the FSA – is not appropriate here, either because his motion is moot or because I decline to grant the relief he seeks in my discretion, I also in my discretion deny the actionable part of his motion reducing his term of supervised release from five years to four years for the same reasons.

---

[1] Indeed, to hold otherwise would lead to absurd results. Individuals who served their time and were released because they did not commit additional crimes would not be eligible for any relief under the FSA (because otherwise they would be "banking time" against potential future crimes), but individuals who continued to commit crimes while they were in prison would be eligible for relief (simply because their multiple, unrelated sentences were linked for administrative purposes). Although the latter scenario does not necessarily incentivize individuals to commit crimes, it at the very least portrays a nonchalant attitude towards the subsequent commission of crimes while in federal custody. The policy reasons are equally as strong under either circumstance.

## CONCLUSION

Accordingly, defendant's [626] motion for reconsideration is DENIED.

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
        May 28, 2019